UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH DIANE FLETCHER, | ) |
| Plaintiff, | ) ) ) Case: 1:16-cv-01813 |
| v. | ) Assigned To : Unassigned ) Assign. Date : 9/9/2016 ) Description: Pro Se Gen. Civil |
| STRAIGHT TALK, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff alleges that she ordered merchandise from defendant, and that the total bill was $15.54. Compl. at 2-3. She demands "what she paid for and didn't get in the amount of $15.54[.]" *Id.* at 3. In addition, plaintiff claims that the company "was prejudice toward [her] and she ask[s] for the price of prejudice in the amount of $1,500,000.00," for a total demand of $1,500,015.54. *Id.*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too "must plead 'factual matter' that permits

the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals because it contains no factual allegations whatsoever regarding the "prejudice" plaintiff allegedly experienced for which she demands substantial compensation.

      An Order consistent with this Memorandum Opinion is issued separately.

DATE: 8/31/16

_____
United States District Judge